CAUSE NO. _2010 - 434_

| | | |
|---|---|---|
| DAVID JOHNSON | § | DISTRICT COURT OF |
| VS. | § | |
| | § | RUSK COUNTY, TEXAS |
| LANDON LOCKHART AND | § | |
| LIBERTY COUNTY MUTUAL | § | _4th_ JUDICIAL DISTRICT |
| INSURANCE COMPANY | § | |

### PLAINTIFF'S ORIGINAL PETITION, WITH REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSIONS ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **David Johnson**, hereinafter referred to as Plaintiff, complaining of **Landon Lockhart** and **Liberty County Mutual Insurance Company,** hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court and jury the following.

Plaintiff, **David Johnson,** is a resident of Smith County, Texas.

Defendant, **Landon Lockhart,** is a resident of Kentucky, and may be served with citation at 906 North 18th Street, Murray, Kentucky  42071.

Defendant, **Liberty County Mutual Insurance Company**, is a Texas corporation which may be served through its attorney for service at Corporation Service Company, 211 East Seventh Street, Suite 620, Austin, Texas   78701

Discovery in this case shall be conducted under Level 2 of Rule 190, T.R.C.P.

I.
Facts of Case

On or about March 30, 2010, Plaintiff, **David Johnson**, was a passenger in a van being driven by his co-worker, Roger Lee, Jr. The van was traveling north on Highway 149 and had

stopped at the intersection of Highway 149 and Highway 43 near Tatum in Rusk County, Texas, before proceeding through the intersection with the right of way.   Defendant, **Landon Lockhart**, was traveling west on Highway 43 and disregarded the stop sign at the intersection of Highway 43 and Highway 149.   Defendant failed to stop and collided with the side of the van which resulted in the van being rolled onto its side.

II.

Cause of Action Against Landon Lockhart

Plaintiff allege that Defendant, **Landon Lockhart,** through his acts and omissions was negligent and that such negligence was a proximate cause of the incident and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by some one or more of the following acts of negligence on the part of the Defendant:

1. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

2. In traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances.

3. In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

4. In failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

5. In failing to yield the right-of-way, as that term is defined in law, in violation of the applicable provisions of Texas Transportation Code, §545., et seq., which also constitutes negligence per se.

Plaintiff alleges that the acts and omissions by Defendant violated statutory law and regulations and gives rise to negligence per se, which was a proximate cause of the incident and injuries in question.



III.

### Cause of Action Against Defendant Liberty County Mutual

Subsequent to the foregoing it was determined that Defendant, **Landon Lockhart,** was underinsured in that Defendant, **Landon Lockhart,** maintained liability insurance in an amount which is insufficient to fairly and reasonably compensate Plaintiff for his accident-related injuries and damages.

Prior to the above-referenced accident a policy of insurance was purchased from Defendant **Liberty County Mutual Insurance Company,** Policy Number ABT-298-560092-700, which provides $50,000.00 per person per accident in underinsured motorist coverage covering the vehicle Plaintiff was driving at the time of the subject accident. Pursuant to the terms of said policy Plaintiff is entitled to underinsured motorist benefits in the maximum amount of $50,000.00.

IV.

### Personal Injuries

Plaintiff's damages include past and in probability future loss which includes:

(a)     pain and mental anguish;

(b)     loss of earnings and earning capacity;

(c)     physical impairment;

(d)     disfigurement; and

(e)     necessary medical, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

Plaintiff alleges that the damages exceed the minimum jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for issuance of service of citation upon Defendant, actual damages, damages, costs of Court, pre-judgment and post judgment interest, and such other and further relief, general and special, legal and equitable to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED,

Earl Drott
State Bar Number 06134750

EARL DROTT, P.C.
Bank of America Southeast Center
3301 Golden Road, Suite 411
Tyler, Texas 75701
Phone (903) 531-9300
Fax (903) 531-0221
edrott@earldrottlaw.com

Attorney for the Plaintiff

# REQUEST FOR DISCLOSURE

**Pursuant to Rule 194, you are hereby requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.**

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff does hereby give notice to Defendant(s) that Plaintiff will use in any pretrial proceeding or at the trial of this cause any document produced by Defendant(s) in response to written discovery.

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## LANDON LOCKHART

TO:    Defendant, by citation duly issued pursuant to the Texas Rules of Civil Procedures.

NOW COMES Plaintiff in the above entitled and numbered cause, pursuant to the Texas Rules of Civil Procedure, and files the attached Interrogatories to be propounded to Defendant.

These Interrogatories are being served upon the Defendant, and you are notified that the Plaintiff specifies that the answers shall be served upon Plaintiff's counsel, EARL DROTT, P.C., Bank of America Southeast Center, 3301 Golden Road, Suite 411, Tyler, Texas   75701, pursuant to T.R.C.P. within fifty (50) days after service of citation and petition herewith.

In connection with these Interrogatories, the following definitions and instructions will apply:

(a)    To IDENTIFY a person is to give his name, and present home address, if known, or last known home address; his present address, if known; or his last known business address.

(b)    To IDENTIFY a document means to identify the author or person who prepared the same; to identify the person who or persons who received the same, or to whom it was addressed; to give the date on which it was written, made or prepared; to identify the persons who presently have control or custody of the original, and each and every copy thereof; and to attach an accurate copy thereof to your answers.

(c)    DOCUMENT means each and every paper or other type of article or thing containing or bearing any writing, lettering, printing, typewriting, drawing or reproduction thereof by any copying process; and each and every tape recording and transcription thereof, and includes copies as well as originals.

(d)    To IDENTIFY an oral conversation means to give the date on which it took place; to identify the persons between or among whom the conversation took place, the persons who made the statement and the persons in whose presence the statement was made; to state where or how the conversation was made (i.e., in a meeting in X's office, in the City of Y; and a telephone conversation between X and the City of A, and Y and the City of B); and to identify any document referring to or evidencing such statement or conversation and give the exact wording of such oral

conversation or statement, or if the exact words are not known, give the substance as specifically as possible of such oral conversation or statement.

These Interrogatories shall be answered separately and fully in writing, under oath, and signed by the person making said answers.   Plaintiff also requests that Defendant supplement the answers to these Interrogatories as provided by the Texas Rules of Civil Procedure.

## INTERROGATORIES

1.    Please state Defendant's full name, all other names Defendant has gone by during Defendant's lifetime, Defendant's address, Defendant's telephone number, and Defendant's driver's license number.

ANSWER:

2.    For each person residing at your place of residence as of the date of the subject accident, please state the full name, date of birth and Texas driver's license number.

ANSWER:

3.    For each person residing at your place of residence as of the date of the subject accident, please state the make and model of all vehicles owned by said person or persons and the name, address, telephone number and policy number of their vehicle liability insurance company.

ANSWER:

4.    State the name and address of the owner and all occupants of the vehicle which you were operating at the time of the collision.

ANSWER:

5.      State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

ANSWER:


6.      Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause of the collision, including a statement in detail of the facts or information upon which the contention is based.

ANSWER:


7.      State the speed of your vehicle at all times material to the collision in question, including specifically your speed at the time of impact, and if your brakes were on at the time of impact, please state your speed before applying your brakes.

ANSWER:


8.      State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 24-hour period immediately preceding the collision.

ANSWER:


9.      Describe in detail what damage, if any, was done to your vehicle in the collision, and give the cost of repair to your vehicle.

ANSWER:


10.     Describe in detail what injuries, if any, you received in the collision.

ANSWER:



11.     Describe in detail any conversation you have had with the Plaintiff(s) or Plaintiff(s) representatives following the collision.

ANSWER:

12.     Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

ANSWER:

13.     Describe any traffic citation you received as a result of this collision by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

ANSWER:

14.     Describe any traffic citation you have received in the past by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

ANSWER:

15.     State whether or not you were acting within the course and scope of any agency, employment, or service at the time of the collision, and describe the type of relationship of the persons involved.

ANSWER:

16.     Describe any criminal record you may have, including the nature of the charge, date and place of arrest, and conviction, if any.

ANSWER:

17.     Please state whether or not Defendant has been a party to a lawsuit prior to the date of the accident in question.   If so, please state the following for each such lawsuit:

    (a)     The location where such incident took place;
    (b)     The style, cause number, court, state and county of the lawsuit filed;
    (c)     A brief description of the type of incident that took place; and
    (d)     The disposition of such lawsuit filed.

ANSWER:


18.     Have you ever been arrested?   If so, please state for each arrest:

    (a)     the date of arrest;
    (b)     place of arrest;
    (c)     the arresting authority;
    (d)     reason for the arrest; and
    (e)     disposition of the arrest.

ANSWER:


19.     List in detail Defendant's work history giving the dates of employment, the immediate supervisor, the name of the position, company and address, and the reason for leaving.

ANSWER:


20.     Please list all of your past residences for the 10 year period preceding the date of this request.   For each such residence please state both the street address and the mailing address, owner of the residence, dates of residence, and the name, last known address, and telephone number of each person who also lived at said residence.

ANSWER:



21.    For each person to whom you have been married, please state the name, last known address, and telephone number.   Please also state the date of marriage and the date and location of the divorce.

ANSWER:

22.    If you have ever been a member of the armed forces or any branch thereof please state:

       a.    branch of service;
       b.    location of service;
       c.    military identification number;
       d.    dates of service;
       e.    highest rank achieved;
       f.    type of discharge;
       g.    commanding officer; and
       h.    specialty.

ANSWER:

23.    Has Defendant ever been involved in any motor vehicle accidents which resulted in any amount of personal injuries or property damages?   If so, please briefly describe each accident by stating the date, location, damages, and a brief description of the accident.

ANSWER:

24.    Please state the name, address, telephone number, and give a brief summary of the knowledge of each witness you intend to call at the trial of this cause.

ANSWER:

25.    Please identify each document which Defendant is withholding as a document which Defendant contends is protected from discovery and/or disclosure by privilege.

ANSWER:

## PLAINTIFF'S REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT
## LANDON LOCKHART

TO:    Defendant, by citation duly issued pursuant to Texas Rules of Civil Procedure.

NOW COMES Plaintiff in the above entitled and numbered cause, and, pursuant to Texas Rules of Civil Procedure, hereby request that Defendant produce the following documents and records.

Said documents are to be made available to Plaintiff for inspection and copying at the law offices of EARL DROTT, P.C., Bank of America Southeast Center, 3301 Golden Road, Suite 411, Tyler, Texas  75701, (Overall v. Southwestern Bell Yellow Pages, Inc., 869 S.W.2d 629 (Tex. App. -- Houston [14th Dist.] 1994), pursuant to the T.R.C.P. within fifty (50) days after service of citation and petition herewith.

In connection with these Request for Production of Documents, the following definitions and instructions will apply:

(a)    To IDENTIFY a person is to give his name, and present home address, if known, or last known home address; his present address, if known; or his last known business address.

(b)    To IDENTIFY a document means to identify the author or person who prepared the same; to identify the person who or persons who received the same, or to whom it was addressed; to give the date on which it was written, made or prepared; to identify the persons who presently have control or custody of the original, and each and every copy thereof; and to attach an accurate copy thereof to your answers.

(c)    DOCUMENT means each and every paper or other type of article or thing containing or bearing any writing, lettering, printing, typewriting, drawing or reproduction thereof by any copying process;   and each and every tape recording and transcription thereof, and includes copies as well as originals.

(d)     To IDENTIFY an oral conversation means to give the date on which it took place; to identify the persons between or among whom the conversation took place, the persons who made the statement and the persons in whose presence the statement was made; to state where or how the conversation was made (i.e., in a meeting in X's office, in the City of Y; and a telephone conversation between X and the City of A, and Y and the City of B); and to identify any document referring to or evidencing such statement or conversation and give the exact wording of such oral conversation or statement, or if the exact words are not known, give the substance as specifically as possible of such oral conversation or statement.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     A copy of the Defendant's driver's license.

2.     A copy of the title to the vehicle Defendant was driving at the time in question.

3.     Any and all photographs that Defendant has of the vehicle in question following the collision.

4.     A copy of any damage appraisal made of the Defendant's vehicle.

5.     Any and all drawings, maps or sketches of the scene of the accident which has been made the basis of this lawsuit.

6.     A copy of any contract of employment that would govern your relationship with any other party or bear on the issue of scope of your employment at the time and place of the subject accident.

7.     A copy of any surveillance movies, photos, etc. of Plaintiff.

8.     A copy of all traffic citations received by Defendant during the ten year period preceding the date of the incident made the basis of this action.

9.     Any and all photographs which show or depict the scene of the accident made the basis of this lawsuit.

10.     Any and all documents and tangible items pertaining to any criminal convictions, if any, of Plaintiff, or any Defendant, or any person identified by any party herein as an expert or as a person with knowledge of relevant facts.

11.     Any and all documents and tangible items pertaining to Defendant's mobile telephone records from the day of the accident.  This would include, but not be limited to, records

from the date of the accident which showed the telephone number to which a call was placed, time the call was placed, duration of the call, time of termination of the call, etc.

12.    Any and all documents and tangible items pertaining to any mobile telephone in Defendant's vehicle at the time of the subject accident.   This would include, but not be limited to, records from the date of the accident which showed the telephone number to which a call was placed, time the call was placed, duration of the call, time of termination of the call, etc.

13.    Any and all documents regarding Defendant's discharge from military service.

14.    If you, or any representative of yours, at any time received any medical records, medical reports, medical bills, x-ray reports, or any other record or report of any kind or nature regarding Plaintiff's physical condition or health care received by Plaintiffs at any time from any hospital, physician, or health care provider, please produce said documents.

15.    Please describe all documents which Defendant is withholding from discovery as privileged.

16.    Any and all documents regarding prescription medications prescribed for or taken by Defendant as of the day of the subject accident.   This will include, but not be limited to, prescriptions, receipts, medication bottles, medical records, or other documents relating to medications prescribed for or taken by the Defendant as of the day of the subject accident.

17.    If Defendant was under the care or receiving treatment from a health care provider as of the date of the subject accident please produce the medical records regarding same.

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT
## LANDON LOCKHART

TO:    Defendant, by citation duly issued pursuant to Texas Rules of Civil Procedure.

NOW COMES Plaintiff, in order to simplify the issues for the trial of this cause, and make the following Request for Admissions under the provisions of the Texas Rules of Civil Procedure, and demands that within fifty (50) days after service of these Requests on the Defendant or its attorneys, that the Defendant specifically admit under oath or deny under oath the following facts.

Each matter set forth below is admitted unless, within fifty (50) days after service of this request, you serve upon the Plaintiff a written answer or objection addressed to the matter.  If objection is made, the reason thereof shall be stated.

If you deny the matter, you shall specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.  Any denial shall fairly meet the substance of the requested admission.  When good faith requires that you qualify an answer or deny only part of that matter on which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

You may not give lack of information or knowledge as a reason for failing to admit or deny unless you state you have made reasonable inquiry and that the information known or easily obtainable by you is insufficient to enable you to admit or deny.

An evasive or incomplete answer on your part may be treated as a failure to answer and considered an admission.

Pursuant to the Texas Rules of Civil Procedure, you are advised that if you fail to admit the truth of any matter requested, and if Plaintiff thereafter proves the truth of that matter, Plaintiff may apply to the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Pursuant to the Texas Rules of Civil Procedure, you are under a duty reasonably to supplement your responses if you obtain information upon the basis of which:   you know that the response was incorrect or incomplete when made, or you know that the response, though correct and complete when made is no longer true and complete, and the circumstances are such that the failure to amend your response is in substance misleading.   Pursuant to the Texas Rules of Civil Procedure, you are advised if you fail to supplement your response, you shall not be entitled to present evidence which you are under duty to supplement unless the trial court finds that good cause sufficient to require admission exists.

## REQUEST FOR ADMISSIONS

<u>Request No. 1</u>:   Do you admit or deny that Defendant has been sued and served with process in Defendant's correct legal name?

ANSWER:

<u>Request No. 2</u>:   Do you admit or deny that on the date of the subject accident, a collision occurred between a vehicle driven by Plaintiff and a vehicle driven by Defendant, Landon Lockhart, in Rusk County, Texas?

ANSWER:

<u>Request No. 3</u>:   Do you admit or deny that at the time of the collision in question the vehicle being driven by you was owned by you?

ANSWER:

    Request No. 4:   Do you admit or deny that on the date of the subject accident, and at the time of the collision in question, the Defendant did as indicated in the police accident report?

ANSWER:

    Request No. 5:   Do you admit or deny that you informed the persons arriving at the scene of the accident that you were at fault in causing the accident in question?

ANSWER:

    Request No. 6:   Do you admit or deny that within eight hours prior to the time of the accident made the basis of this lawsuit, you had consumed alcoholic beverages and/or drugs?

ANSWER:

    Request No. 7:   Do you admit or deny that within the last ten years you have been convicted of a felony or crime of moral turpitude?

ANSWER:

    Request No.   8:   Do you admit or deny that at the time and on the occasion of the collision in question you failed to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances?

ANSWER:

    Request No. 9:   Do you admit or deny that at the time and on the occasion of the collision in question you failed to yield the right of way?

ANSWER:

Request No. 10:   Do you admit or deny that at the time and on the occasion of the collision in question you failed to stop for the red traffic light facing you before entering the intersection in question?

ANSWER:


Request No. 11:   Do you admit or deny that at the time and on the occasion of the collision in question you crossed the center stripe dividing the lanes of traffic?

ANSWER:


Request No. 12:   Do you admit or deny that at the time and on the occasion of the collision in question you operated a motor vehicle upon a public road or highway while under the influence of alcohol?

ANSWER:


Request No. 13:   Do you admit or deny that at the time and on the occasion of the collision in question you were traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances?

ANSWER:


Request No. 14:   Do you admit or deny that at the time and on the occasion of the collision in question you failed to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances?

ANSWER:


Request No. 15:   Do you admit or deny that at the time and on the occasion of the collision in question you failed to make such turning movements of the vehicle you were driving as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances?

ANSWER:

**Request No. 16**:  Do you admit or deny that your negligence proximately caused the accident made the subject of this lawsuit?

ANSWER:


**Request No. 17**:  Do you admit or deny that your negligence proximately caused the injuries of Plaintiff?

ANSWER:


**Request No. 18**:  Do you admit or deny that the accident in question was not caused nor contributed to by any act or omission of the Plaintiff?

ANSWER:


**Request No. 19**:  Do you admit or deny that on the date of the subject accident, and at the time of the collision in question, you did not have a valid Texas Operator's Driving License?

ANSWER:


**Request No. 20:** Do you admit or deny that at the time and place of the subject accident you were talking on a mobile phone?

ANSWER:

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## LIBERTY COUNTY MUTUAL INSURANCE COMPANY

TO:    Defendant, by citation duly issued pursuant to the Texas Rules of Civil Procedures.

NOW COMES Plaintiff in the above entitled and numbered cause, pursuant to the Texas Rules of Civil Procedure, and files the attached Interrogatories to be propounded to Defendant.

These Interrogatories are being served upon the Defendant, and you are notified that the Plaintiff specifies that the answers shall be served upon Plaintiff's counsel, EARL DROTT, P.C., Bank of America Southeast Center, 3301 Golden Road, Suite 411, Tyler, Texas   75701, pursuant to T.R.C.P. within fifty (50) days after service of citation and petition herewith.

In connection with these Interrogatories, the following definitions and instructions will apply:

(a)    To IDENTIFY a person is to give his name, and present home address, if known, or last known home address; his present address, if known; or his last known business address.

(b)    To IDENTIFY a document means to identify the author or person who prepared the same; to identify the person who or persons who received the same, or to whom it was addressed; to give the date on which it was written, made or prepared; to identify the persons who presently have control or custody of the original, and each and every copy thereof; and to attach an accurate copy thereof to your answers.

(c)    DOCUMENT means each and every paper or other type of article or thing containing or bearing any writing, lettering, printing, typewriting, drawing or reproduction thereof by any copying process; and each and every tape recording and transcription thereof, and includes copies as well as originals.

(d)    To IDENTIFY an oral conversation means to give the date on which it took place; to identify the persons between or among whom the conversation took place, the persons who made the statement and the persons in whose presence the statement was made; to state where or how the conversation was made (i.e., in a meeting in X's office, in the City of Y; and a telephone conversation between X and the City of A, and Y and the City of B); and to identify any document referring to or evidencing such statement or conversation and give the exact wording of such oral

conversation or statement, or if the exact words are not known, give the substance as specifically as possible of such oral conversation or statement.

These Interrogatories shall be answered separately and fully in writing, under oath, and signed by the person making said answers.   Plaintiff also requests that Defendant supplement the answers to these Interrogatories as provided by the Texas Rules of Civil Procedure.

## INTERROGATORIES

1.      Please state the name, address, telephone number, and position of the person or persons responsible for making decisions regarding the evaluation or handling of Plaintiff's claim for uninsured/underinsured motorist benefits in connection with this matter.

ANSWER:


2.      Describe in detail any conversation you have had with the Plaintiff or Plaintiff's representatives regarding matters at issue in this lawsuit.

ANSWER:


3.      Please state whether or not Plaintiff has satisfied all of the conditions precedent to the filing of this lawsuit?   If not, please state in detail what conditions precedent Defendant Insurer alleges that Plaintiff has failed to satisfy.

ANSWER:


4.      Please state whether or not Plaintiff has satisfied all of the requirements of Plaintiff's policy of insurance with Defendant Insurer for the filing of an underinsured motorist claim?   If not, please quote the policy provisions which Defendant Insurer alleges that Plaintiff has failed to satisfy.

ANSWER:



5.     Please state whether or not Plaintiff has provided to Defendant Insurer sufficient information for Defendant Insurer to evaluate this matter?   If not, please state in detail the information required by Defendant Insurer to evaluate this matter and same will be provided to Defendant Insurer.

ANSWER:


6.     Please state whether or not Plaintiff has provided to Defendant Insurer all information which Defendant Insurer has requested from Plaintiff.   If not, please specify in detail the information which Defendant Insurer alleges has been requested but not provided.

ANSWER:


7.     Please state whether or not Plaintiff was at fault in causing the subject accident.   If so, please describe in detail every act and/or omission on the part of Plaintiff which Defendant Insurer alleges caused the subject accident.

ANSWER:


8.     Please identify each document which Defendant Insurer is withholding as a document which Defendant Insurer contends is protected from discovery and/or disclosure by the work product privilege.

ANSWER:


9.     For each year that Plaintiff purchased insurance coverage from Defendant Insurer please state the year and the amount of the premiums paid by Plaintiff to Defendant Insurer during said year.

ANSWER:


10.    For each claim that Plaintiff has made for benefits pursuant to a policy of insurance purchased by Plaintiff from Defendant Insurer please state:



a.      The date of the claim;

b.      The amount of the claim;

c.      A brief description of the basis of the claim.


ANSWER:


11.    Please state the date on which Defendant Insurer contends it reasonably anticipated
       litigation in this matter, and provide a brief, general description of the reason(s) why
       Defendant Insurer contended it reasonably anticipated litigation in this matter on such date.

ANSWER:


12.    Please provide a brief, general explanation of Defendant Insurer's contentions of how the
       collision in question occurred. (Include in your explanation your understanding of each
       person and/or factor you contend is legally responsible for causing the occurrence and a
       brief, general statement of facts of why you contend such person(s) or factor(s) caused or
       contributed to the cause of the collision.)

ANSWER:


13.    If Defendant Insurer contends that the incident in question was an "unavoidable accident"
       or a result of a "sudden emergency" as those terms are defined by Texas law, identify the
       basis of your contentions of each such claim.

ANSWER:


14.    If Defendant Insurer or its representatives have obtained copies of Plaintiff's employment
       records, medical records, or insurance records other than the records provided by Plaintiff
       to Defendant Insurer or its representatives, please identify the name of each employer,
       medical provider, and insurer from whom such records were obtained and the date such
       records were obtained.

ANSWER:

15.    For each element of damage listed below, please state the amount, if any, of compensation Defendant Insurer contends would fairly and reasonably compensate Plaintiff for the injuries sustained as a result of the collision which forms the underlying basis of this lawsuit:

      a.     Reasonable expenses of necessary medical care in the past:    _____

      b.     Loss of earning capacity in the past:    _____

      c.     Physical pain and suffering and mental anguish in the past:    _____

      d.     Physical impairment in the past:    _____

ANSWER:



### PLAINTIFF'S REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT
### LIBERTY COUNTY MUTUAL INSURANCE COMPANY

TO:    Defendant, by citation duly issued pursuant to Texas Rules of Civil Procedure.

NOW COMES Plaintiff in the above entitled and numbered cause, and, pursuant to Texas Rules of Civil Procedure, hereby requests that Defendant Insurer produce the following documents and records.

Said documents are to be made available to Plaintiff for inspection and copying at the law offices of EARL DROTT, P.C., Bank of America Southeast Center, 3301 Golden Road, Suite 411, Tyler, Texas 75701, (Overall v. Southwestern Bell Yellow Pages, Inc., 869 S.W.2d 629 (Tex. App. -- Houston [14th Dist.] 1994), pursuant to the T.R.C.P. within fifty (50) days after service of citation and petition herewith.

In connection with these Request for Production of Documents, the following definitions and instructions will apply:

(a)    To IDENTIFY a person is to give his name, and present home address, if known, or last known home address; his present address, if known; or his last known business address.

(b)    To IDENTIFY a document means to identify the author or person who prepared the same; to identify the person who or persons who received the same, or to whom it was addressed; to give the date on which it was written, made or prepared; to identify the persons who presently have control or custody of the original, and each and every copy thereof; and to attach an accurate copy thereof to your answers.

(c)    DOCUMENT means each and every paper or other type of article or thing containing or bearing any writing, lettering, printing, typewriting, drawing or reproduction thereof by any copying process; and each and every tape recording and transcription thereof, and includes copies as well as originals.

(d)    To IDENTIFY an oral conversation means to give the date on which it took place; to identify the persons between or among whom the conversation took place, the

persons who made the statement and the persons in whose presence the statement was made; to state where or how the conversation was made (i.e., in a meeting in X's office, in the City of Y; and a telephone conversation between X and the City of A, and Y and the City of B); and to identify any document referring to or evidencing such statement or conversation and give the exact wording of such oral conversation or statement, or if the exact words are not known, give the substance as specifically as possible of such oral conversation or statement.

## REQUEST FOR PRODUCTION

1.  Please produce a copy of the entire insurance policy at issue including, but not limited to, all endorsements, riders, exclusions, coverage sheets and declaration pages.

2.  Please produce a copy of the non-privileged portions of the insurance claims file prepared prior to the date on which Defendant Insurer contends they reasonably anticipated litigation on this Claim.

3.  Please produce a copy of all documents which Defendant Insurer contends support or evidence each of their contentions that they reasonably anticipated litigation on this Claim.

4.  Please produce all documents, if any, which support any contention by Defendant Insurer that:

    a.  The Insurance Policy was not in effect at the time of the occurrence;

    b.  The Insurance Policy had been cancelled for any reason at the time of the occurrence; or

    c.  Plaintiff has not complied with any provision or part of The Insurance Policy in making the claims which form the basis of this lawsuit; or

    d.  There is no coverage for any part or all of Plaintiff's claims against Defendant Insurer.

5.  Produce a copy of all documents which evidence the date and the amounts paid by Defendant Insurer on this Claim or any part of this Claim.

6.  Please produce a copy of all settlement offers made by Defendant Insurer to Plaintiff regarding this Claim.

7.  A copy of all 911 tapes or transcripts regarding this Claim.

8.    Please produce a copy of all documents and correspondence between Defendant Insurer and Plaintiff's medical providers.

9.    Please produce a copy of all documents and correspondence between Defendant Insurer and Plaintiff's employers.

10.   Please produce a copy of any and all police reports and other governmental reports concerning this Claim and/or Plaintiff.

11.   Please produce a color copy of all videotapes, photographs, or electronic images depicting:

   a.    Plaintiff;

   b.    Any other person involved in the occurrence;

   c.    The occurrence and/or scene of the occurrence;

   d.    Re-enactments or re-creations of the occurrence;

   e.    Any tangible instrumentalities involved in the occurrence which forms the basis of this lawsuit; and

   f.    All property damaged in the occurrence which forms the basis of this lawsuit.

12.   Please produce a color copy of all videotapes, photographs, or electronic images depicting any real or personal property owned by Plaintiff involved in the Claim.

13.   Please produce a copy of all documents evidencing the fair market value of property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

14.   Please produce a copy of all documents evidencing the cost to repair property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

15.   Please produce a copy of all documents evidencing the replacement cost of all property which was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit.

16.   Please produce a copy of all documents, or other materials used by Defendant Insurer to determine the value of or costs to repair or to replace any property that was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit.

17.     In addition to the photographs, videotapes or electronic images produced by Defendant Insurer in response to the above listed Requests for Production, please produce a color copy of any and all photographs,  videotapes, electronic images and/or diagrams which concern any issues raised by the pleadings in this case.

18.     Please produce a copy of all medical, employment and insurance records regarding Plaintiff that Defendant Insurer has obtained through the use of any authorization provided to Defendant Insurer by Plaintiff.

19.     Please produce a copy of all medical, employment, and insurance records regarding Plaintiff that Defendant Insurer has obtained through any subpoena or any deposition.

20.     A copy of all Southwest Index Bureau a/k/a SWIB reports regarding this Claim or Plaintiff.

21.     A copy of all Examinations Under Oath pertaining to this Claim.

22.     Please produce a copy of all statements of Plaintiff, as well as any statements of any party to this lawsuit and any person with knowledge of relevant facts, which have not been produced by Defendant Insurer in response to Plaintiff's Request for Disclosure.

22.     Pursuant to Rule 609(f) of the Texas Rules of Civil Evidence, please produce a copy of all records of any convictions of Plaintiff and any person with knowledge of relevant facts.

23.     Please produce a copy of any and all estimates, invoices, or other documents pertaining to the cost of damage sustained by all vehicles involved in the collision in question.

24.     In the event Defendant Insurer contends that any vehicle involved in the occurrence was defective or that the mechanical condition of the vehicle caused or in any way contributed to the cause of the occurrence in question, please produce a copy of any and all documents reflecting repair and/or maintenance to such vehicle from one (1) year prior to the incident in question to present as well as all records concerning the alleged defective condition(s) which caused or contributed to the cause of the collision in question.

25.     Produce a copy of all documents which form the basis of any contention that any Plaintiff in this lawsuit was negligent or otherwise caused or contributed to the accident which forms the underlying basis of this lawsuit.

26.     Produce a copy of all documents which provide a description of any "Jane Doe" and "John Doe," and "Responsible Third Party" if any, whose identity is allegedly unknown but whom Defendant Insurer contends caused or contributed to the harm for which a recovery has been sought in this matter.

27.   Produce a copy of all documents which provide a description of the facts, if any, which form the basis of any contentions, if any, that the occurrence which forms the basis of this lawsuit was caused in whole or in part by any "Jane Doe" and "John Doe," persons whose identity is allegedly unknown but whom Defendant Insurer contends caused or contributed to the harm for which a recovery has been sought in this matter.

28.   In the event the carrier of any pertinent policies has settled any claims of any other person(s) as a result of this occurrence which has or which may reduce the amount of coverages available to compensate Plaintiff, please produce a copy of each settlement agreement or other document reflecting that other claims have been settled or reductions have been taken or may be taken against the amount of policy limits originally available under the policy(s).

29.   In the event the claim is being handled by the insurance carrier on a reservation of rights, please produce a copy of any and all communications from the carrier relevant to such reservation.

30.   Please produce a copy of any and all exhibits, models, visual aids, experiments, documents, or other writings or any item of demonstrative evidence that will be used in the trial of this lawsuit.

31.   Please produce a copy of the first written notice of this Claim received by Defendant Insurer.

32.   Please produce a copy of all documents and correspondence between Defendant Insurer, its employees, agents and representatives and Plaintiff regarding this Claim from the time when Defendant Insurer first received written notice of this Claim through the date of the filing of this lawsuit.

33.   Pursuant to §542.055 of the **Texas Insurance Code**, please produce a copy of all written acknowledgments of this Claim sent by or on behalf of Defendant Insurer to Plaintiff.

34.   Pursuant to §542.055 of the **Texas Insurance Code**, if the acknowledgment of this Claim was not made in writing, produce a copy of all documents which the Defendant Insurer contends make a record of the date, means, and content of the acknowledgment of this Claim.

35.   Please produce a copy of all documents in which, Pursuant to §542.055 of the **Texas Insurance Code**, evidence when and what investigation was commenced by Defendant Insurer regarding this Claim.

36.   Pursuant to §542.055 of the **Texas Insurance Code**, please produce a copy of all documents in which Defendant Insurer requested from Plaintiff all items, statements, and



forms that the insurer believed would be required from the claimant to process this Claim.

37. Pursuant to §542.055 of the **Texas Insurance Code**, produce a copy of all documents in which Defendant Insurer contends it notified Plaintiff in writing of the acceptance or rejection of this claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer, in order to secure final proof of loss.

38. If the Defendant Insurer contends it was or is unable to accept or reject this Claim, produce a copy of all documents in which Defendant Insurer notified Plaintiff of the reasons that the Defendant Insurer needs additional time.

39. Pursuant to §545.055 of the **Texas Insurance Code**, if the Defendant Insurer contends it was or is unable to accept or reject this Claim, produce a copy of all documents in which Defendant Insurer accepted or rejected this Claim not later than the 45th day after the date on which Defendant Insurer notified a claimant of the need for additional time.

40. Produce a copy of all documents in which Defendant Insurer contends it notified Plaintiff that it will pay this Claim or part of this Claim.

41. If Defendant Insurer contends that payment of this Claim or part of this Claim is or was conditioned on the performance of an act by the claimant, please produce a copy of all documents evidencing or describing the conditions and/or acts required before payment of this Claim or part of this Claim would or could be made.

42. Please produce a copy of all documents which Defendant Insurer and Defendant contend support the basis of their decisions not to pay the amounts demanded by Plaintiff in settlement of the claims made the basis of this lawsuit.

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT
## LIBERTY COUNTY MUTUAL INSURANCE COMPANY

TO:     Defendant, by citation duly issued pursuant to Texas Rules of Civil Procedure.

NOW COMES Plaintiff, in order to simplify the issues for the trial of this cause, and makes the following Request for Admissions under the provisions of the Texas Rules of Civil Procedure, and demands that within fifty (50) days after service of these Requests on the Defendant or its attorneys, that the Defendant specifically admit under oath or deny under oath the following facts.

Each matter set forth below is admitted unless, within fifty (50) days after service of this request, you serve upon the Plaintiff a written answer or objection addressed to the matter.  If objection is made, the reason thereof shall be stated.

If you deny the matter, you shall specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.  Any denial shall fairly meet the substance of the requested admission.  When good faith requires that you qualify an answer or deny only part of that matter on which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

You may not give lack of information or knowledge as a reason for failing to admit or deny unless you state you have made reasonable inquiry and that the information known or easily obtainable by you is insufficient to enable you to admit or deny.

An evasive or incomplete answer on your part may be treated as a failure to answer and considered an admission.

Pursuant to the Texas Rules of Civil Procedure, you are advised that if you fail to admit the truth of any matter requested, and if Plaintiff thereafter proves the truth of that matter, Plaintiff

may apply to the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Pursuant to the Texas Rules of Civil Procedure, you are under a duty reasonably to supplement your responses if you obtain information upon the basis of which:   you know that the response was incorrect or incomplete when made, or you know that the response, though correct and complete when made is no longer true and complete, and the circumstances are such that the failure to amend your response is in substance misleading.   Pursuant to the Texas Rules of Civil Procedure, you are advised if you fail to supplement your response, you shall not be entitled to present evidence which you are under duty to supplement unless the trial court finds that good cause sufficient to require admission exists.

## REQUEST FOR ADMISSIONS

Request No. 1:   Do you admit or deny that Defendant Insurer has been sued and served with process in Defendant Insurer's correct legal name?

ANSWER:

Request No. 2:   Do you admit or deny that Plaintiff was involved in an automobile accident on March 30, 2010?

ANSWER:

Request No. 3:   Do you admit or deny that Plaintiff was not at fault in the subject accident?

ANSWER:

Request No. 4:   Do you admit or deny that the person at fault in the subject accident was guilty of negligence?

ANSWER:

Request No. 5:   Do you admit or deny that the at fault driver was judgment proof?

ANSWER:

Request No. 6:   Do you admit or deny that at the time and place of the subject accident Plaintiff was insured by a policy of insurance issued by Defendant Insurer?

ANSWER:

Request No. 7:   Do you admit or deny that Plaintiff's policy of insurance with Defendant Insurer provides underinsured/uninsured motorist coverage?

ANSWER:

Request No. 8:   Do you admit or deny that Plaintiff paid premiums to Defendant Insurer for said policy of insurance?

ANSWER:

Request No. 9:   Do you admit or deny that Plaintiff's premiums were paid up at the time of the subject accident?

ANSWER:

Request No.10:   Do you admit or deny that Plaintiff has provided to Defendant Insurer all information which Defendant Insurer has requested?

ANSWER:

Request No.11:   Do you admit or deny that Plaintiff has provided to Defendant Insurer all information necessary for Defendant Insurer to reasonably evaluate this matter?

ANSWER:

      Request No. 12:   Do you admit or deny that the aforereferenced information was provided to Defendant Insurer in a timely manner?

ANSWER:

      Request No. 13:   Do you admit or deny that all conditions precedent to the filing of a lawsuit pursuant to the causes of action set forth in Plaintiff's Original Petition have been performed?

ANSWER:

      Request No. 14: Do you admit or deny that Plaintiff on or about the time of the subject accident was insured under the policy of insurance issued by Defendant Insurer, Liberty County Mutual Insurance Company?

ANSWER:

      Request No. 15: Do you admit or deny that the Defendant Driver is underinsured?

ANSWER:

      Request No. 16: Do you admit or deny that Plaintiff obtained the consent of Defendant Insurer to settle his/her personal injury claims against the at fault driver?

ANSWER:

      Request No. 17: Do you admit or deny that Plaintiff promptly notified Defendant Insurer of the accident which forms the basis of this lawsuit?

ANSWER:

**Request No. 18:** Do you admit or deny that Plaintiff complied with all of his/her duties to Defendant Insurer under the subject policy which relate to the claims made the basis of this lawsuit?

ANSWER:


**Request No. 19:** Do you admit or deny that the Defendant Driver's negligence was the sole proximate cause of the motor vehicle accident which forms the underlying basis of this lawsuit?

ANSWER:

STATE OF TEXAS
COUNTY OF RUSK

JEAN HODGES, Clerk of District Court in and for Rusk
County, Texas do hereby certify that the above and foregoing
is a true and correct copy of the original _Plaintiffs Orig. Petition, with request for Disclosure, Interrogatories,_
now on file in the above entitled and numbered cause _Request for Production, & Request for Admissions attached_
Given under my hand and seal of office, this _29th_
day of _March_ A.D., 20 _11_ .

Jean Hodges Rusk Co. District Clerk

By _Cullele_

Deputy